**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRITTNEY SOMMERLATTE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00422-O** |
| | § | |
| **AMERICAN AIRLINES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Compel Responses to Discovery Requests and Appendix (ECF Nos. 15–16), filed on July 31, 2026; Defendants' Response and Appendix (ECF Nos. 21–22), filed on August 21, 2026; and Plaintiff's Reply (ECF No. 24), filed on September 14, 2026. After reviewing Plaintiff's Motion, the briefing, and applicable law the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel Responses to Discovery Requests (ECF No. 15).

## I. BACKGROUND[1]

On April 6, 2026, Brittney Sommerlatte ("Plaintiff") brought this action against American Airlines, Inc. ("Defendant") for personal injuries. Plaintiff alleges that while she was traveling internationally from Cancún to Dallas, she sustained injuries because of Defendant's flight attendant's alleged negligence. She claims that the flight attendant spilled hot coffee on her and that she was denied first aid. Additionally, Plaintiff alleges that the head flight attendant mocked her injuries and laughed them off. Finally, she alleges that she received medical attention on the

[1] Unless otherwise indicated, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pl.'s Compl., ECF No. 1.

flight, and when she arrived at Dallas Fort Worth International Airport she was taken to Medical City in Las Colinas. Because Plaintiff was pregnant, she could not take certain pain medications.

Plaintiff filed this Motion to Compel on August 8, 2026, seeking the Court to compel Plaintiff's Request for Admissions ("RFA") Nos. 6 through 12; Plaintiff's Request for Production ("RFP") Nos. 3 through 6, and 8; Plaintiff's Interrogatories Nos. 4, 5, and 11; and unredacted copies of Defendant's insurance agreement and documents.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV.

P.34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's notes to 2015 amendment.

The failure to maintain an objection throughout the duration of a discovery dispute, including in response to a motion to compel, may constitute waiver of the argument. *E.g.*, *Garcia v. Padilla*, No. 2:15-CV-735-FtM-29CM, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016); *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004).

## III. ANALYSIS

### A. Plaintiff's RFAs Nos. 6 Through 12.

Defendant's objections to Plaintiff's Requests for Admissions Nos. 6, 7, 9, 10, 11, and 12 have been withdrawn. The Court finds that Defendant's amended answers to Requests for Admission Nos. 10, 11, and 12 have substantively responded to Plaintiff's question. As Defendant notes, "Rule 36 does not require a party to give wholly unqualified responses to requests for admission."[2] *Thomason v. Metropolitan Life Ins.*, No 3:14–cv–00086–P–B, 2015 WL 1914557, at *2 (N.D. Tex. April 27, 2015) (citing *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 676–77 (D. Kan.1999). Defendant's answers to Requests for Admission Nos. 10, 11, and 12 address the substance of the request without conceding the legal allegation.

RFA No. 10 asks Defendant to "[a]dmit that spilling hot coffee on a passenger can cause injuries."[3] Defendant's amended response admits that physical injuries could be sustained under certain circumstances. Defendant qualifies its answer by stating that Defendant does not concede the "nature, extent, or cause of any injuries allegedly sustained by Plaintiff."[4] Here, Defendant

---

[2] Def.'s Resp. Mot. Compel 5, ECF No. 21.
[3] Def.'s Resp. Mot. Compel Ex. A-2 (Def.'s Obj. Resp. RFA), App. 22, ECF No. 22.
[4] *Id.*

answers the substance of the question while preserving any legal disputes. Next, RFA No. 11 asks Defendant to "[a]dmit that spilling hot coffee on a passenger can cause second- and first-degree burns."[5] Again, Defendants answer the substance of the question by admitting that "physical injuries could be sustained under certain circumstances[,]" without conceding that such injuries allegedly sustained by Plaintiff were a result of Defendant's alleged negligence.[6] Finally, RFA No. 12 asks Defendant to "[a]dmit that spilling hot coffee on a passenger can cause physical pain and mental anguish."[7] Once again, Defendant admits that it is true that such "physical injuries could be sustained."[8] Given that Defendant's objection to these three RFAs have been withdrawn and that Defendant has answered the underlying substance of the question, without conceding any legal disputes, the Court **DENIES** Plaintiff's requests for further admission by Defendant for RFA Nos. 10, 11, and 12.

As to RFA No. 8, Plaintiff asks Defendant to admit that coffee was "spilled" on Plaintiff. Defendant maintains the objection on the grounds that the term "'spilled' is vague, confusing, ambiguous[,] and misleading."[9] Although Defendant objects to the form of the question, Defendant admits that "coffee 'made contact with Plaintiff' aboard flight AA1750."[10] The Court agrees with Defendant and finds that Defendant's answer is sufficient. The term "spilled" may imply legal liability. Therefore, Plaintiff's Motion to Compel RFA No. 8 is **DENIED**.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Def.'s Resp. Mot. Compel Ex. A-2 (Def.'s Obj. Resp. RFA), App. 23, ECF No. 22.
[9] Def.'s Resp. Mot. Compel Ex. A-2 (Def.'s Obj. Resp. RFA), App. 21, ECF No. 22.
[10] Def.'s Resp. Mot. Compel 7, ECF No. 21.

**B. Plaintiff's RFP Nos. 3, 4, 5, 6, and 8.**

1. RFP No. 3

Plaintiff's RFP No. 3 asks Defendant to produce "training modules, programs, instructions, and any and all other training material in effect for the AA1750 Flight Crew."[11] Defendant argues that this request is overbroad and not tailored to the needs of the case. The Court agrees. This case arises out of a medical incident, so training material related to the medical incident suffice. Therefore, Defendant's objection is **SUSTAINED**.

2. RFP No. 4

Plaintiff's RFP No. 4 requests Defendant's produce "[a]ll statements, reports, logs, or descriptions of the events of AA1750 made by any individual pertaining to AA1750 and the events described in Plaintiff's Complaint. This includes but is not limited to any statements made by members of the AA1750 Flight Crew, AA1750 passengers, and American Airlines employees."[12] Defendant argues that this information is privileged, and that all non-privileged reports have been produced to Plaintiff. Under Fed. R. Civ. P. 26(b)(5)(A)(ii), Defendant **SHALL** "describe the nature of the documents [or] communications" that are privileged. Because Defendant has produced all non-privileged reports and has responded that it "would produce 'reports generated by AA1750 flight attendants related to the incident[,]'"[13] the Court **SUSTAINS** Defendant's objection to RFP No. 4. Accordingly, Plaintiff's Motion to Compel RFP No. 4 is **DENIED**.

3. RFP No. 5

Plaintiff's RFP No. 5 asks Defendant to produce "[a]ll flight history logs relating to AA1750."[14] Defendant objects to this RFP on the grounds that the request is "over broad and not

---

[11] Def.'s Resp. Mot. Compel Ex. A-3 (Def.'s Obj. Resp. RFP), App. 28, ECF No. 22.
[12] *Id.*
[13] Def.'s Resp. Mot. Compel 10, ECF No. 21.
[14] Pl.'s Mot. Compel Ex. B (Def.'s Obj. Resp RFP), App. 11, ECF No. 16).

tailored to seek evidence relevant to any claims or defenses asserted in the lawsuit or proportional to the needs of the case."[15] The Court agrees. Asking for *all* flight history logs related to a flight does not advance or support any claim or defense. Because RFP No. 5 is overbroad, the Court **SUSTAINS** Defendant's objection. Accordingly, Plaintiff's Motion to Compel RFP No. 5 is **DENIED**.

4. RFP No. 6

Plaintiff's RFP No. 6 asks Defendant to produce "[a]ll event reporting logs relating to AA1750."[16] Defendant objects to this RFP on the grounds that "the phrase 'event reporting logs' is not defined, ambiguous, vague[,] and confusing."[17] Additionally, Defendant will produce and has produced reports generated by AA1750 flight attendants related to the incident in question. Because Defendant has provided sufficient information and indicates it will produce further information, the Court **SUSTAINS** Defendant's objection. Accordingly, Plaintiff's Motion to Compel RFP No. 6 is **DENIED**.

5. RFP No. 8

Plaintiff's RFP No. 8 asks Defendant to produce "[a]ll documents evidencing any disciplinary action taken against any of American Airlines' employees relating to AA1750 and the events described in Plaintiff's Complaint."[18] Defendant's amended response states that Defendant is unable to locate documents that are responsive to this request.[19] Because Defendant has diligently searched for these records and indicates that Defendant cannot find such records, the Court **DENIES** Plaintiff's Motion to Compel RFP No. 8.

---

[15] Def.'s Resp. Mot. Compel Ex A-3 (Def.'s Obj. Resp. RFP), App. 29, ECF No. 22.
[16] *Id.*
[17] Def.'s Resp. Mot. Compel Ex. A-3 (Def.'s Obj. Resp. RFP), App. 29, ECF No. 22.
[18] Def.'s Resp. Mot. Compel Ex. A-3 (Def.'s Obj. Resp. RFP), App. 30, ECF No. 22.
[19] *Id.* at 30.

**C. Plaintiff's Interrogatories Nos. 4, 5, and 11.**

1. Interrogatory No. 4

Through Interrogatory No. 4, Plaintiff seeks to identify the name, contact information, and seat information of each passenger who administered aid to Plaintiff.[20] Defendant objects on the grounds that this question requires Defendant to divulge private contact information of non-party individuals.[21] Any discovery request must be relevant and proportional to the needs of the case. Defendants argue that this request is not proportional to the needs of the case because the "factors for proportionality weigh against the disclosure of non-party passenger names and contact information."[22] Defendant has "directed Plaintiff to business records Bates-labeled AA 000146–000160, from which the requested information may be determined."[23] Defendant adds that Plaintiff can verify the names of those individuals without revealing the contact information of those individuals with potentially discoverable information.[24]

Generally, courts have "ordered the production of passenger identities when those passengers 'may have information about the events at issue in the complaint,' without requiring a showing from the moving party as to why those passengers possess specific information that could be relevant." *Dimitrova v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, No. 2:25-CV-00956-JHC, 2026 WL 575169, at *2 (W.D. Wash. Mar. 2, 2026) (citing *Wachuku v. JetBlue Airways Corp.*, No. CV201061VAPPVCX, 2021 WL 4497157, at *10 (C.D. Cal. Apr. 29, 2021) and *Xuan Thi Phan v. JetBlue Airways Corp.*, No. 2:16-CV-2328 WBS DB, 2017 WL 6622707, at *2 (E.D. Cal. Dec. 28, 2017)). Here, the passengers who provided aid may have "information about the events

[20] Pl.'s Mot. Compel Ex. B (Def.'s Obj. Resp. RFP), App. 18, ECF No. 16.
[21] Def.'s Resp. Mot. Compel 14, ECF No. 21.
[22] *Id.*
[23] *Id.*
[24] *Id.*

at issue" in this case. *Id.* Therefore, Defendant's objection is **OVERRULED**, and Plaintiff's Motion to Compel Interrogatory No. 4 is **GRANTED**.

2. Interrogatory No. 5

Similar to Interrogatory No. 5, Plaintiff seeks to identify the name, contact information, and seat information of each passenger seated within three rows of Plaintiff.[25] Defendant objects on the grounds that this question requires Defendant to divulge private contact information of non-party individuals.[26] Any discovery request must be relevant and proportional to the needs of the case. Defendants argue that this request is not proportional to the needs of the case because the "factors for proportionality weigh against the disclosure of non-party passenger names and contact information."[27] Here, the names of passengers seated within the proximity of Plaintiff are relevant and proportional to the needs of the case. It is likely that those individuals seated beside Plaintiff "witnessed the events at issue," but "the same cannot be said for those passengers" in front of Plaintiff. *Xuan Thi Phan*, 2017 WL 6622707, at *2. The Court finds that passengers seated in the same row as well as the two rows directly behind Plaintiff might have witnessed the events. Because these passengers may have information relevant to supporting Plaintiff's claims, the Court narrow's Plaintiff's request and **GRANTS in part** Plaintiff's Motion to Compel Interrogatory No. 5. Therefore, Defendant is **ORDERED** to provide the names, contact information, and seat information of passengers seated two rows behind Plaintiff.

3. Interrogatory No. 11

Interrogatory No. 11 asks Defendant to

> "[d]escribe the basis for [Defendant's] assertion in Paragraph 1 of [their] Affirmative Defenses . . . that '[Defendant] is not liable to Plaintiff because of any injuries and/or damages alleged by Plaintiff

---

[25] Pl.'s Mot. Compel Ex. B (Def.'s Obj. Resp. RFP), App. 11, ECF No. 16.
[26] Def.'s Resp. Mot. Compel 14, ECF No. 22.
[27] *Id.*

> were solely and proximately caused by the actions, omissions, and/or negligence of a person other than [Defendant], for whose action, omission or negligence [Defendant] is in no way liable."[28]

Additionally, Plaintiff seeks the name and identity of the person or entity responsible for any negligent conduct.[29] Defendant objects on the grounds that this question is a premature contention interrogatory.[30] Defendant asks this Court to defer ruling on this objection until further discovery is completed. Courts have "discretion to determine when a party must respond to a contention interrogatory." *InternetAd Sys., LLC v. ESPN, Inc.*, No. CIV.A.3:03CV2787-D, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004). The Court **GRANTS** Plaintiff's Motion to Compel Interrogatory No. 11 because Defendant "should be able to generally explain the factual basis for each of the denials and affirmative defenses pled in its original answer." *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486-M, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008). Defendant has had sufficient time to conduct discovery needed to properly answer this question. Therefore, Defendant is **ORDERED** to answer Interrogatory No. 11.

### D. Plaintiff's Request for Unredacted Copies of Relevant Insurance Agreement and Documents.

#### 1. Unredacted Insurance Policy

Plaintiff seek unredacted copies of its applicable insurance agreement. Defendant argues that during Rule 26's initial disclosures, they produced the relevant insurance agreement with redactions of sensitive and proprietary information.[31] Additionally, Defendant argues that the redacted information is irrelevant to the claims or defenses of this lawsuit.[32] Plaintiff on the other hand argues that a redaction is "an alteration of potential evidence and a party should not take it

---

[28] Pl.'s Mot. Compel 6, ECF No. 15.
[29] Pl.'s Mot. Compel Ex. C (Def.'s Obj. Resp. Interrogatories), App. 20, ECF No. 16.
[30] *Id.*
[31] Def.'s Resp. Mot. Compel 17, ECF No. 22.
[32] *Id.*

upon . . . itself to decide unilaterally what context is necessary for the non-redacted part disclosed[.]" *U.S. ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (cleaned up). As Plaintiff points out, the Parties have a confidentiality agreement.[33] Any confidential information shall remain undiscoverable. Therefore, it is **ORDERED** that Defendant produce an unredacted copy of their insurance agreement so long as no privileged information is revealed. The Court **GRANTS** Plaintiff's Motion to Compel an unredacted copy of Defendant's insurance agreement.

2. <u>Unredacted Documents Beginning at AA 000206</u>

Plaintiff asks this Court to compel Defendant to produce unredacted copies of documents beginning at AA 000206. Defendant notes that the redactions were financial information not relevant to the claims or defenses of the suit.[34] Plaintiff has not demonstrated how credit-card information and base cost for ancillary services are relevant to the case. *S.E.C. v. Amerifirst Funding, Inc. et al.*, No. CIV.A. 3:07-CV-1188-, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008). Accordingly, the Court **SUSTAINS** Defendant's objection and **DENIES** Plaintiff's Motion to Compel unredacted copies of AA 000206.

## IV. CONCLUSION

The Court **DENIES in part** and **GRANTS in part** Plaintiff's Motion to Compel (ECF No. 15). Therefore, Defendants are **ORDERED** to provide an answer to Interrogatory Nos. 4, 5 (subject to the limitations imposed by the Court), and 11, and an unredacted copy of the relevant insurance agreement to Plaintiff no later than October 8, 2026.

**SO ORDERED** on this **21st day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[33] Pl.'s Mot. Compel 12, ECF No. 15.
[34] Def.'s Resp. Mot. Compel 17, ECF No. 21.